NO. 07-09-0252-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 APRIL 20, 2010

 SERGIO ESTRADA,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2008-421,687; HONORABLE CECIL G. PURYEAR, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 Sergio Estrada was convicted of failing to register as a sex
offender. He claims the trial court erred in failing to grant his motion
to suppress his oral confession because he gave it while in custody and
without having received any warnings in violation of Miranda v. Arizona and
art. 38.22 of the Code of Criminal Procedure. We affirm the judgment.
 Appellant was on deferred adjudication for sexually assaulting a
child. Officer Jeff Davis testified he went to the apartment where
appellant claimed to be living on October 8, 2008. He spoke to appellant's
neighbors and to the apartment manager and learned that appellant had moved
out of the apartment several months earlier. Davis then went to
appellant's place of employment and spoke to appellant in the parking lot.
The two of them proceeded to Davis' car where his recording device was
activated and Davis asked appellant questions about where he was living.
During this recording, appellant confessed to not having registered his
change of address as required by art. 62.055 of the Code of Criminal
Procedure. Davis claimed that appellant was neither handcuffed nor under
arrest at the time of his oral statement. After a hearing, the trial court
denied appellant's motion to suppress.[1] He was subsequently convicted by
a jury and sentenced by the trial court to two years confinement.
 An oral statement of an accused taken while in custody may not be
used against him unless he first received the warnngs set forth in art.
38.22 of the Code of Criminal Procedure and Miranda v. Arizona, 384 U.S.
436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Four situations which may
constitute custody include: 1) when the suspect is physically deprived of
his freedom in any significant way, 2) when a law enforcement officer tells
the suspect he cannot leave, 3) when law enforcement officers create a
situation which would lead a reasonable person to believe his freedom of
movement has been significantly restricted, and 4) when there is probable
cause to arrest and law enforcement officers do not tell the suspect that
he is free to leave. Dowthitt v. State, 931 S.W.2d 244, 255 (Tex. Crim.
App. 1996). It is the fourth situation upon which appellant relies. To be
applicable, the officer's knowledge of probable cause must have been
manifested to the suspect. Id. That can occur if information substantiating
probable cause is related by the officer to the suspect or by the suspect
to the officer. Id. However, the manifestation of probable cause must
also be combined with other circumstances which would lead a reasonable
person to believe that he is under restraint to the degree associated with
an arrest. Id.
 For purposes of this appeal, we assume arguendo that Davis improperly
secured the confession of appellant and that the trial court erred in
denying the motion to suppress.[2] This does not end the inquiry, however,
for we must assess whether the error harmed appellant. Because appellant's
contention implicates a constitutional right, authority obligates us to
apply the harm analysis specified in Rule 44.2(a) of the Texas Rules of
Appellate Procedure. Per the latter, we must reverse unless we determine
beyond a reasonable doubt that the mistake did not contribute to the
conviction or punishment. Tex. R. App. P. 44.2(a); Martinez v. State, No.
07-08-296-CR, 2010 Tex. App. Lexis 413 at *30 (Tex. App.-Amarillo January
21, 2010, no pet. h.). Moreover, such indicia as the source and nature of
the wrong, the extent, if any, that it was emphasized by the State, and the
potential weight which the jury could have assigned to the inadmissible
evidence when compared to the admissible evidence warrant consideration.
Scott v. State, 227 S.W.3d 670, 690 (Tex. Crim. App. 2007).
 Aside from appellant's oral statement, the jurors heard the following
evidence at trial. Appellant had originally registered his address as the
Kentwood Apartments on Avenue Q in January 2008. No changes in that
address were ever reported by him. Nonethless, he began living with a co-
worker and his family in September of 2008 because he had nowhere else to
live. The individual who served as manager of the Kentwood Apartments at
the time appellant had executed a lease testified that he 1) remembered
appellant failed to pay rent for July 2008, 2) noticed appellant was no
longer living in the apartment by the first of August 2008, 3) hired some
people in August of 2008 to remove the property left in the apartment, 4)
had the electricity turned off, and 5) changed the door locks. When
arrested in October of 2008, appellant listed his address on the book-in
sheet as being at a locale other than the Kentwood Apartments.[3] Those
living across the hall from appellant at the Kentwood Apartments informed
Officer Davis in October of 2008 that appellant had moved out several
months earlier. And, on two occasions during the fall of 2008, officers
had been unable to serve appellant with an arrest warrant at the Avenue Q
address. This litany of evidence comprises a rather large foundation upon
which the jury could have relied in adjudicating appellant guilty. Indeed,
it even consists of appellant's own inculpatory words as captured in the
book-in sheet.
 That the confession sought to be suppressed was alluded to at least
three times by the State in its closing argment cannot be ignored. Nor can
we ignore that one's own confession of guilt can be assigned greater weight
by jurors for it removes doubt. Yet, the words uttered by appellant to
Davis did not constitute the only confession provided by appellant. As
previously mentioned, he told those booking him after his arrest that he
lived at an address other than the one on Avenue Q, and the State alluded
to that as well in its closing argument. So, even if the confession to
Davis was inadmissible, the jury remained free to legitimately use
appellant's own words (as they appeared in the booking sheet) against him.
So, it is difficult to say that any impropriety expressed in the State's
closing argument had any more sway than the legitimate words of the
prosecutor. This seems especially true when, as here, the jury was
instructed to disregard any evidence it believed was obtained in violation
of the law.
 Simply stated, we cannot but conclude that the evidence about which
appellant complains was redundant of other ample evidence establishing his
guilt. Though the better strategy is to eschew its use, we, nonetheless,
conclude beyond reasonable doubt from the record before us that it failed
to contribute to the jury's decision. We do caution the State, however,
against using the harmless error rule as a justification for doing that
which is improper. Never should the law be breached to gain a conviction,
especially by those sworn to uphold those laws.
 Finding the purported error harmless, we affirm the judgment.

 Brian Quinn
 Chief Justice
Do not publish.

 -----------------------
 [1]The trial court did not specify the basis for its ruling, despite
appellant having filed a request for findings of fact and conclusions of
law. Nonetheless, appellant does not complain of this failure on appeal.

 [2]The State concedes in part that some of appellant's confession was
improperly secured.

 [3]Appellant was arrested not only for failing to register as a sex
offender but for his outstanding traffic warrant.